**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DENALI WATER SOLUTIONS, LLC,     :
    :
          v.              :      Civil No. 5:25-mc-00040-JMG
    :
ALLEN HARIM FOODS, LLC,         :

**ORDER**

**AND NOW**, this 18th day of August, 2025, upon consideration of Plaintiff's Motion to

Compel (ECF No. 3), **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No.

3) is **DENIED WITHOUT PREJUDICE**.[1]

---

[1] On July 9, 2025, Plaintiff Denali Water Solutions, LLC ("Plaintiff") filed a Motion to Compel Compliance with Subpoenas against Allen Harim Foods, LLC ("the Subpoenaed Party" or "Allen Harim"). *See* ECF No. 1. The underlying litigation here takes place in the Eastern District of Arkansas. *See* ECF No. 1 at ¶ 3; *see also Denali Water Solutions, LLC v. Flahart*, Civ. A. No. 24-CV-00660-BRW (E.D. Ark.). In furtherance of that Arkansas litigation, Plaintiff sought to subpoena Allen Harim for a corporate designee to testify and to produce requested documents and records. *See* ECF No. 1 at ¶ 36. The subpoena commanded a corporate representative for Allen Harim Foods, LLC to appear for a deposition and to produce documents on July 23, 2025, at 9:00 a.m. *See* ECF No. 1-9. The Court denied the Motion to Compel Compliance with the Subpoena as moot on July 30, 2025, *see* ECF No. 2, as the date listed in the subpoena had passed.

Now, Plaintiff has come before the Court again making an identical request. *See* ECF No. 3. The subpoena still compelled attendance for July 23, 2025, which at this point was almost a month ago. *See* ECF No. 3-9. The Court cannot compel attendance at a deposition that has since passed.

Moreover, it does not appear that the subpoena was properly served on Allen Harim Foods, LLC. "A subpoena is properly served on a third-party when it is delivered to the named individual by a person who is at least 18 years old and not a party to the litigation in question." *Hamilton v. Radnor Twp.*, 662 F. Supp. 3d 536, 541 (E.D. Pa. 2023) (citing Fed. R. Civ. P. 45(b)(1)). "[W]hen the served entity is a third-party, personal service is required." *Id.*

Here, Plaintiff states that it served the subpoena via the United States Postal Service. *See* ECF No. 19. The Court does not find this to be sufficient. "Although some district courts within the Third Circuit have permitted service of a subpoena by means other than personal service *based on fact-specific records*, the *majority view* in this circuit is that personal service is generally

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

required." *Daly v. Restore Integrative Wellness, LLC*, Civ. A. No. 23-4035, 2024 WL 5057195, at *1 (E.D. Pa. Dec. 10, 2024) (internal citations omitted) (emphasis added). For the latest subpoena, Plaintiff does not even aver that it was sent via certified mail and provides no record of mailing. The Court would not compel enforcement of a subpoena absent proper service as required by R. 45(b)(1). Plaintiff has not provided good cause, or any factual basis, as to why the Court should deviate from the personal service requirement.

Finally, Fed. R. Civ. P. 45(c)(a) provides that: "A subpoena may command a person to attend a . . . deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Here, Plaintiff used the location of what is presumably Allen Harim's registered agent as this address. *See* ECF No. 3 at ¶ 5; ECF No. 3-4. The Court is not satisfied that using the address of Allen Harim's registered agent satisfies this 100-mile requirement. *See Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, Misc. No. 16-108-SLR, 2016 WL 3606775, at *1-2 (D. Del. June 30, 2016) (quashing subpoena where corporation's registered agent was served because 100-mile requirement was not satisfied) (citing *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, Civ. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. 2015)). "'The plain language of Rule 45(c) indicates that the court cannot compel a witness' to testify at a deposition (as an individual or as a corporate representative) when the individual must 'travel more than 100 miles form a place of residence, employment or regular business… regardless of where the corporate entity itself resides.'" *Id.* at *2 (quoting *Hermitage Glob. Partners*, 2015 WL 728463, at *4). The Court understands that Allen Harim's primary place of business is in Delaware, but it has no basis, in this filing, to conclude that the 100-mile requirement has been satisfied on the basis of the location of Allen Harim's registered agent.

Nevertheless, the Court is willing to compel enforcement of proper subpoena in a renewed filing. Accordingly, this Motion is denied without prejudice.